IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMR AUTO HOLDINGS – PA, LLC<br>d/b/a AUDI WESTWOOD<br>　　*Plaintiff*,<br><br>　　v.<br><br>AUDI OF AMERICA, INC. an operating<br>unit of VOLKSWAGEN GROUP OF<br>AMERICA, INC.<br>　　*Defendant*. | :<br>:<br>:<br>:<br>:<br>:　　C.A. No.:  1:20-cv-10861<br>:<br>:<br>:<br>:<br>: |

## **DEFENDANT'S NOTICE OF REMOVAL**

**TO:**　**The Chief Judge and Judges of the United States District Court for the District of Massachusetts**

Defendant, Audi of America, Inc., an operating unit of Volkswagen Group of America, Inc. ("AoA"), by and through its counsel, Michelle I. Schaffer, Esq., hereby gives notice of the removal of a civil action brought by Plaintiff AMR Auto Holdings – PA, LLC, d/b/a Audi Westwood ("Audi Westwood" or "Plaintiff") in the Superior Court for the Commonwealth of Massachusetts, Norfolk County, to the United States District Court for the District of Massachusetts, Boston Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441(b) and 1446. AoA avers the following grounds for removal:

1.　　On April 6, 2020, Plaintiff filed its Original Complaint for Declaratory Relief ("Complaint") in the Superior Court of the Commonwealth of Massachusetts, Norfolk County, captioned: *AMR Auto Holdings – PA, LLC, d/b/a Audi Westwood v. Audi of America, Inc., operating as a division of Volkswagen Group of America, Inc.* (the "State Court Action"). The State Court Action was assigned Civil Action Number 2082-cv-00368.

2.　　Plaintiff operates an Audi dealership located at 420 Providence Highway in Westwood, Massachusetts. The operation of Audi's Audi dealership is governed by the terms of

an Audi Dealer Agreement ("Dealer Agreement") between AoA and Audi Westwood, originally entered into on or around November 29, 2007.

3.      The terms of the Dealer Agreement, as well as with other agreements between AoA, Audi Westwood, and Audi Westwood's owners (as well as Massachusetts state law) require that Audi Westwood notify AoA of any changes to its ownership or management and seek AoA's prior approval for any such changes. Under the several agreements between AoA, Audi Westwood, and Audi Westwood's owners, David Rosenberg was the only individual authorized to manage and control the dealership.

4.      On or around September 16, 2019, AoA learned that Plaintiff's passive majority owner had removed David Rosenberg from all positions, including his position as the Manager (a/k/a Dealer Principal) of Audi Westwood, without prior notice to or approval from AoA. AoA spent the next several months requesting information from Audi Westwood and its owners and also urging them to comply with their contractual obligations. AoA's efforts did not resolve the dispute. On February 5, 2020, AoA issued a Notice of Termination to Audi Westwood setting forth its reasons for termination of Plaintiff's dealer agreement.

5.      Audi Westwood alleged in its Complaint that AoA seeks to terminate the dealer agreement without good cause and that AoA unlawfully restricted Audi Westwood's management and ownership of the dealership. Audi Westwood claims that AoA's actions violate Massachusetts state laws governing the relationship between motor vehicle dealers and distributors. *See generally* Mass. Gen. Laws ch. 93B, § 1 *et seq.*

6.      Plaintiff filed its Complaint on April 6, 2020. AoA was served with the Complaint on April 15, 2020. AoA did not receive a copy of the Complaint prior to service of process. The Complaint was the first pleading setting forth Plaintiff's claims for relief in this case.

7. This Notice of Removal is filed within thirty days of AoA's receipt, through service or otherwise, of the initial pleading setting forth claims for relief upon which Plaintiff's action is based and is, therefore, timely pursuant to 28 U.S.C. § 1446(b).

8. As required by 28 U.S.C. § 1441, the Superior Court for the Commonwealth of Massachusetts, Norfolk County falls within this Court's geographical purview and venue is, therefore, proper in the United States District Court for the District of Massachusetts, Boston Division.

9. AoA has filed with this Notice of Removal all process, pleadings, orders, and all other filings in the State Court Action, as required by 28 U.S.C. § 1446(a) and the local rules.  This Notice of Removal is accompanied by the following documents:

(a) All executed process in this case served upon AoA (**Exhibit A**[1]);

(b) Pleadings asserting causes of action (**Exhibit A**);

(c) All orders signed by the state court judge (none at the time of filing);

(d) A copy of the docket sheet (**Exhibit B**);

(e) Civil Cover Sheet to USDC of MA (**Exhibit C**); and

(f) Category Form for USDC of MA (**Exhibit D**).

10. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

---

[1] All documents served upon AoA to date in the State Court matter are included in **Exhibit A** and consist of: the Summons, Civil Action Cover Sheet, Civil Tracking Order, Plaintiff's Original Complaint for Declaratory Relief, and Plaintiff's Corporate Disclosure Statement.

## THERE IS DIVERSITY OF CITIZENSHIP BETWEEN ALL PARTIES

11.     This action is removable because Defendant is not a citizen, domiciliary, or resident of the Commonwealth of Massachusetts, and complete diversity exists between Plaintiff and Defendant.

12.     Citizenship of a corporation is determined based on its state of incorporation and the location of its principal place of business.  28 U.S.C. § 1332(c)(1); *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016).

13.     AoA is an operating unit of Volkswagen Group of America, Inc., which is incorporated under the laws of the State of New Jersey with its principal place of business in Herndon, Virginia.

14.     Citizenship of a limited liability company is determined by the citizenship of its members. *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006). Citizenship of a traditional trust is determined based on the citizenship of its trustee. *U.S. Bank Trust, N.A. for LSF9 Master Participation Trust v. Dedoming*, 308 F. Supp. 3d 579, 580 (D. Mass. 2018).

15.     Plaintiff is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 420 Providence Highway, Westwood, Massachusetts 02090. Ex. A, at p.1, ¶ 1.

16.     Based on documents Plaintiff submitted to AoA, Plaintiff is entirely owned by Automile Holdings, LLC.  Automile Holdings, LLC is entirely owned by Automile Parent Holdings, LLC.  Automile Parent Holdings LLC is owned by the following members: (1) GPB Prime Holdings, LLC; (2) David Rosenberg; (3) the Rosenberg Family Nominee Trust; and (4) the Rosenberg Family Nominee Trust – Sawdran.

17.     On information and belief, David Rosenberg is a citizen of the Commonwealth of Massachusetts.

18.     Based on documents Plaintiff submitted to AoA, Karen Rosenberg is the trustee of both the Rosenberg Family Nominee Trust and the Rosenberg Family Nominee Trust – Sawdran. On information and belief, Karen Rosenberg is a citizen of the Commonwealth of Massachusetts.

19.     Based on documents Plaintiff submitted to AoA, GPB Prime Holdings, LLC is owned by Capstone Automotive Group, LLC and Capstone Automotive Group II, LLC. Capstone Automotive Group, LLC is owned GPB Automotive Portfolio, LP. Capstone Automotive Group II, LLC is owned GPB Holdings II, LP.

20.     Based on documents Plaintiff submitted to AoA, both GPB Automotive Portfolio, LP and GPB Holdings II, LP are owned entirely by GPB Capital Holdings, LLC. GPB Capital Holdings, LLC is owned entirely by David Gentile.

21.     On information and belief, David Gentile is a citizen of the State of New York.

22.     For purposes of diversity, Plaintiff, as a limited liability company, is a citizen of the states of Massachusetts and New York.  AoA is a citizen of the states of New Jersey and Virginia. There is complete diversity of citizenship between Audi Westwood and AoA.

**THE AMOUNT IN CONTROVERSY IN THIS MATTER EXCEEDS $75,000**

23.     Plaintiff seeks a declaratory judgment.  **Exhibit A**, Original Complaint at p. 8.

24.     When a plaintiff seeks non-monetary relief, "it is well established that the amount in controversy is measured by the value of the object in litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); 14A Fed. Prac. & Proc. Juris. § 3708 (4th ed.) ("the amount in controversy is to be measured for subject matter jurisdiction purposes by the value of the right that the plaintiff seeks to enforce or to protect against the defendant's conduct or the value

of the object that is the subject matter of this action."); *Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004) ("Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation.") (citations omitted).

25.     The value of Plaintiff's motor vehicle dealership exceeds $75,000. Thus, the amount in controversy under 28 U.S.C. § 1332 is satisfied.

## **CONCLUSION**

26.     Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because it is the District embracing the state court in which the State Court Action was commenced. Pursuant to 28 U.S.C. § 1332, Audi Westwood and AoA are diverse and the amount in controversy exceeds $75,000. Therefore, removal pursuant to 28 U.S.C. § 1441(a) is appropriate.

27.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served promptly upon Plaintiff and a certified copy will be filed with the Clerk of the Superior Court for the Commonwealth of Massachusetts, Norfolk County.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal pursuant to 28 U.S.C. §§ 1441(a) and 1446 is appropriate.

DATED: May 6, 2020

Respectfully Submitted

The Defendant,
**VOLKSWAGEN GROUP OF AMERICA, INC. an operating unit of VOLKSWAGEN GROUP OF AMERICA, INC.**
By its Attorneys

CAMPBELL CONROY & O'NEIL, P.C.

*/s/ Michelle I. Schaffer*
Michelle I. Schaffer, Bar No. 2307
mschaffer@campbell-trial-lawyers.com
1 Constitution Wharf, Suite 310
Boston, MA 02129
T: (617) 241-3000

Billy M. Donley (*pro hac vice* to be filed)
Texas Bar No. 05977085
bdonley@bakerlaw.com
David R. Jarrett (*pro hac vice* to be filed)
Texas Bar No. 00792188
djarrett@bakerlaw.com
BAKER & HOSTETLER, LLP
811 Main Street, Suite 1100
Houston, Texas, 77002
T: (713) 646-1382

## <u>CERTIFICATE OF SERVICE</u>

I, Michelle I. Schaffer, counsel for defendant, Audi of America, Inc, operating as a division of Volkswagen Group of America, Inc., hereby certify that on May 6, 2020, I electronically filed the foregoing ***Notice of Removal*** with the Clerk of the Court using the Court's electronic filing system (ECF), which will send notification of such filing to all counsel of record.  The foregoing document is also available for viewing and/or downloading from ECF.  Said document was also sent via U.S. Mail and Electronic Mail to the following counsel of record:

| | |
|---|---|
| Breton Leone-Quick, Esq. | Brit T. Brown, Esq. |
| bleone-quick@mintz.com | brit.brown@akerman.com |
| Jason L. Burrell, Esq. | Benjamin A. Escobar, Esq. |
| jlburrell@mintz.com | banjamin.escobar@akerman.com |
| Mintz, Levin, Cohen, Ferris, Glovsky | Akerman, LLP |
| and Popeo, P.C. | 1300 Post Oak Blvd |
| One Financial Center | Houston, TX 77056-3014 |
| Boston, MA 02111 | *Pro hac vice motion forthcoming for Plaintiff* |
| *Counsel for the Plaintiff* | |

/s/ Michelle I. Schaffer
Michelle I. Schaffer